UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANGELA R. MCGREW                                                    PLAINTIFF

v.                                    No. 2:19-CV-02051

ANDREW M. SAUL, Commissioner,
Social Security Administration                                     DEFENDANT

## OPINION AND ORDER

The Court has received a report and recommendation (Doc. 14) from Chief United States Magistrate Judge Erin L. Wiedemann.  Plaintiff Angela R. McGrew has filed objections (Doc. 15). The Magistrate recommends that the Court affirm the decision of the Social Security Administration to deny McGrew's claim for SSI and dismiss this case with prejudice.  The Court has conducted de novo review of those portions of the report and recommendation to which McGrew has objected.  28 U.S.C. § 636(b)(1).

McGrew objects that the Magistrate Judge erred in recommending that the Court find that the SSA Administrative Law Judge's determination of McGrew's residual functional capacity ("RFC") before beginning step four of the five-step evaluation process was supported by substantial evidence and was not legal error.  McGrew argues that because the ALJ's RFC determination failed to make a concession for her stated need for frequent urination—an identified impairment at step two evidenced in part by medical records prescribing a diuretic—the RFC determination was not supported by substantial evidence in the record and was a legal error.  At step three, the ALJ determined that the impairment was not so severe as to render McGrew disabled.  The ALJ then proceeded to make his RFC determination, which included weighing McGrew's credibility with respect to the number of times she claims to urinate each day and finding that she was overstating the effects on her of her impairment.  The ALJ's determination

1

was supported by substantial evidence in the record—in particular, the lack of medical diagnosis or treatment related to frequent urination, to which he referred.[1]  (Doc. 10, p. 25).  A finding that McGrew overstated the effects of this impairment and it did not affect her RFC does not render the RFC determination inconsistent with the step-two determination that frequent urination was nonetheless an impairment.

McGrew also objects that the Magistrate Judge imposed "a stark line of demarcation" (Doc. 15, p. 2) and failed to consider relevant evidence from prior to the date of Plaintiff's protective filing.   McGrew either misunderstands or mischaracterizes the report and recommendation.  The Magistrate Judge notes that the ALJ relied on substantial evidence in the record, including evidence from prior to McGrew's protective filing, when determining that however bad it had been, McGrew's diarrhea was no longer impairing her during the claim period. Noting evidence of a potential impairment has disappeared by the relevant claim period is not the same as finding that evidence of a potential impairment is irrelevant if it is evidence from before the claim period.  The ALJ's findings and determination were supported by substantial evidence on the record.

Finally, McGrew objects that the Magistrate Judge erred in recommending that the ALJ's step five determination be affirmed.  McGrew argues that a step five determination depends on an accurate RFC determination, and that because the ALJ's RFC was not supported by substantial evidence, nor was his step five determination.   Because the ALJ's RFC determination was supported by substantial evidence, this dependent objection no longer applies.

---

[1] The Court notes that the diuretic prescription in the record appears to have been a temporary, three-day low dosage prescription for lasix in August, 2016 (Doc. 10, p. 391), eight months into the period of claimed disability, as opposed to a regularly-prescribed diuretic taken over the course of the period of claimed disability.

Because the objections offer neither law nor fact requiring departure from the report and recommendation, it is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that the decision of the Commissioner of the Social Security Administration is AFFIRMED and this case is DISMISSED WITH PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 21st day of April, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE